———o———

## No. 4562.

### Court of Appeal, Parish of Orleans.

### VICTOR P. BAHAM VS. AMESVILLE FERRY CO.

Issues of fact only are involved herein.

Appeal from 28th Judicial District Court, Parish of Jefferson.

John Dymond, Jr., for Plaintiff and Appellant.

L. H. Marrero, Jr., for Defendant and Appellee.

DUFOUR, J. It is admitted that, in this suit for a balance of account under a contract to repair the ferry boat "Ascension," two items only are in dispute.

The first, for $164 for loading sand on barges, may be dismissed with the statement that the transaction was a private one between plaintiff and one Constantine, master of the Ascension, and that the company was in no wise concerned in it.

The second is for the use of plaintiff's gasoline launch during the time occupied in repairing the Ascension and which plaintiff sent over from Madisonville, La.

The plaintiff testifies that he was to receive compensation therefor over and above the cost of repairs.

Constantine says that it was understood that Baham would, as an inducement to give him the contract, allow defendant the gratuitous use of the boat while the Ascension was being repaired.

Considering that the repairs were extensive and of long duration and that other launches could, near at hand and without delay, have been obtained for at least the same and,

perhaps, a smaller price, the defendant's version appears to be the more probable one.

The plaintiff seeks to strengthen his position by claiming that his profit was only about $140 and, hence, it must have been intended that the use of the launch should be paid for.

In his estimate, however, he omits mention of the fact that he received a personal *per diem* compensation throughout the duration of the work.

In his reasons for judgment, the District Judge says:

"The evidence convinces the Court that at the time the gasoline launch "Olivia" was delivered to the Amesville Ferry Co. to be used in the place and stead of the ferry boat "Ascension," while the "Ascension" was being repaired, the intention of the parties was that the gasoline launch was to be used free of charge."

He saw and heard the witnesses an his conclusion will remain undisturbed.

Judgment affirmed.

December 7, 1908.

Rehearing refused January 11, 1909.